UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JEANNE CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:08-cv-554-RLY-TAB |
| | ) | |
| NATIONWIDE CREDIT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS
COUNTS 10 AND 11 OF PLAINTIFF'S COMPLAINT**

**I.   Introduction**

This matter is before the court on Defendant Nationwide Credit, Inc.'s Motion to Dismiss Counts 10 and 11 of Plaintiff's Complaint filed July 14, 2008. For the reasons set forth below, the court **GRANTS** Defendant's motion.

**II.   Factual and Procedural Background**

Plaintiff is an individual who incurred consumer debt for personal, family, or household purposes, while Defendant is a corporation that engages in consumer debt collection. (Complaint, ¶¶ 1-2). Plaintiff alleges that on or around December 22, 2007, Defendant contacted her at her place of employment. (*Id.,* ¶ 9). Plaintiff instructed Defendant that she could not receive personal calls at her place of employment and that such calls were an inconvenience for her at her place of employment. (*Id.,* ¶ 10). Despite

Plaintiff's protestation, Defendant called Plaintiff several times on December 22, 2007. (*Id.*, ¶ 11). Plaintiff alleges that these communications from Defendant were made in an aggressive and hostile manner. (*Id.*, ¶ 12). Defendant allegedly threatened to take legal action against Plaintiff, put a lien on Plaintiff's property, and seize Plaintiff's assets. (Complaint, ¶¶ 13-15).

In addition to contacting Plaintiff's employer, Defendant also contacted Plaintiff's father-in-law in January 2008 on several occasions. (*Id.*, ¶¶ 16, 23). This occurred despite the fact that Defendant had Plaintiff's contact information. (*Id.*, ¶ 17). Plaintiff's father-in-law informed Defendant that he was not Plaintiff or Plaintiff's husband, and he was accused of lying. (*Id.*, ¶¶ 18-19). Defendant, during conversations with Plaintiff's father-in-law, disclosed the nature of Plaintiff's debt, and Defendant demanded that Plaintiff's father-in-law pay the debt. (*Id.*, ¶ 22).

Plaintiff continued to be contacted by Defendant at her place of employment through March 2008. Plaintiff alleges that these calls were made with the intent to harass, annoy, and intimidate Plaintiff. (*Id.*, ¶ 28). Plaintiff further alleges that these actions damaged Plaintiff emotionally and mentally and caused substantial anxiety and stress. (*Id.*, ¶ 31).

As a result of these actions, Plaintiff alleges nine counts of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(c)-(f), for contacting her at work, contacting her father-in-law, and acting in a hostile manner. (Complaint, ¶¶ 33-50). Plaintiff also alleges invasion of privacy by engaging in the public disclosure of a private

fact and by way of intrusion upon seclusion.  (*Id.,* ¶¶ 51-59).

Defendant argues that Indiana no longer recognizes public disclosure of a private fact as a tort and that intrusion upon seclusion requires a physical invasion of an individual's solitude or seclusion.  Having examined the parties' briefs and the relevant authority, the court concludes that Counts 10 and 11 of Plaintiff's complaint must be dismissed.

**III.    Legal Standard**

When ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded factual allegations contained in the complaint, as well as the inferences reasonably drawn therefrom.  *See Baxter by Baxter v. Vigo County Sch. Corp.,* 26 F.3d 728, 730 (7th Cir. 1994).  A dismissal is only appropriate if the plaintiff can establish no set of facts, even if hypothesized, consistent with the allegations of its complaint that would entitle it to relief.  *See Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994), *cert. denied,* 516 U.S. 1159 (1996).  Moreover, the court must only examine the complaint, and not the merits of the lawsuit.  *See Autry v. Northwest Premium Servs., Inc.,* 144 F.3d 1037, 1039 (7th Cir. 1998).

**IV.    Analysis**

Counts 10 and 11 of Plaintiff's complaint concern the tort of invasion of privacy. Generally, invasion of privacy can be separated into four subcategories:  (1) intrusion

upon seclusion; (2) appropriation of name or likeness; (3) public disclosure of private facts; and (4) false-light publicity. *See Felsher v. University of Evansville,* 755 N.E.2d 589, 593 (Ind. 2001). However, Indiana courts have noted that the law in Indiana regarding invasion of privacy has evolved over the years.

### A. Indiana No Longer Recognizes Public Disclosure of a Private Fact as a Subcategory of the Invasion of Privacy

In Count 10, Plaintiff alleges that Defendant committed the tort of invasion of privacy when it engaged in the public disclosure of her private information. However, the Indiana Supreme Court announced in 1997 that the public disclosure of private facts is no longer a viable tort in Indiana. *Doe v. Methodist Hospital,* 690 N.E.2d 681, 692-93 (Ind. 1997). In 2001, the Supreme Court, in *Felsher*, affirmed its decision in *Doe,* "not to recognize a branch of the tort involving the public disclosure of private facts." *Felsher,* 755 N.E.2d at 593.

### B. Intrusion Upon Seclusion Requires Intrusion on *Physical* Solitude or Seclusion

Plaintiff's complaint also raises a claim that Defendant committed the tort of intrusion upon seclusion. While intrusion is recognized in Indiana as a viable subcategory of invasion of privacy, it consists of "an intrusion upon the plaintiff's physical solitude or seclusion as by invading his home or conducting an illegal search." *Cullison v. Medley,* 570 N.E.2d 27, 31 (Ind. 1991). In fact, "[t]here have been no cases in Indiana in which a claim of intrusion was proven without physical contact or invasion of the plaintiff's physical space such as the plaintiff's home." *Creel v. I.C.E. & Assoc., Inc.,*

771 N.E.2d 1276, 1280 (Ind. Ct. App. 2002). Plaintiff does not argue that Defendant physically intruded on her solitude or seclusion; she only argues that Defendant placed inappropriate telephone calls. Hence, Plaintiff has not pled sufficient facts to sustain a cause of action for intrusion upon seclusion.

V.      **Conclusion**

For the reasons outlined above, Defendant's Motion to Dismiss Counts 10 and 11 of Plaintiff's Amended Complaint (Docket # 12) is **GRANTED.** Counts 10 and 11 are **DISMISSED.**

**SO ORDERED** this 16th day of October 2008.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Patricia M. Bradtke Caracci
O'HAGAN SPENCER LLC
pcaracci@ohaganspencer.com

Richard John Meier
MACEY & ALEMAN, PC
rjm@legalhelpers.com